UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

**\*FILED ELECTRONICALLY\***

| | |
|---|---|
| JAMES WADE,           Plaintiff | )<br>)<br>) |
| V. | )   Civil Action No. |
| UNITED STATES OF AMERICA,           Defendant | )<br>)<br>) |

## COMPLAINT

This is a claim for personal injury caused by the negligence or wrongful act or omission of an employee of the United States while acting within the scope of his office or employment, under circumstances where the United States, or private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred. The Plaintiff's damages are a direct result of the Defendant's negligence.

### PARTIES

1. Plaintiff, James Wade, is an adult and a resident of Boston, Suffolk County, Massachusetts. He brings this claim pursuant to 28 USC 1346 (b), the Federal Tort Claims Act ("FTCA").

2. The Defendant is the United States of America, pursuant to 28 U.S.C. 1346 (b), 1402 (b) 2401 (b) and sections 2671 -2680.

### FACTUAL ALLEGATIONS

3. Plaintiff reasserts the allegations contained in Paragraphs 1 and 2 of this Complaint and incorporates them herein by reference.

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. 1346(b)(1). Pursuant to the Federal Tort Claims Act, as a jurisdictional prerequisite to commencing this lawsuit, Plaintiff, James Wade was required to, and did, file an Administrative Claim with the Department of Health and Human Services prior to filing this civil action.

5. Roxbury Comprehensive Community Health Center (hereinafter "RoxComp") was, at all times relevant hereto, a Federally Supported Health Center, pursuant to the Federally Supported Health Care Center Assistance Act of 1992 (Pub. L.102-501), operating today and at all times relevant hereto, as a health center and conducted a Methadone Assessment and Treatment ("MAT") program in Boston, Massachusetts.

6. At all times relevant hereto, Mr. Wade received methadone treatment through the MAT program at RoxComp.

7. At all times relevant hereto, Mr. Wade's clinician at the MAT program was Donna Atherton (hereinafter "Ms. Atherton").

8. At all times relevant to this action, Ms. Atherton, was an employee of RoxComp, acting in the course and scope of her employment and is thus deemed to be an employee of Defendant, the United States of America.

9. On or about July 1, 2009, Mr. Wade submitted a request to the MAT program to have his methadone administered by an out-of-state facility while he was attending a family event.

10. On or about July 30, 2009, Ms. Atherton filled out a courtesy dose form for Mr. Wade. In filling out the form, Ms. Atherton failed to verify Mr. Wade's medical conditions and erroneously identified him as having HIV and requiring HIV medications.

11. Ms. Atherton signed Mr. Wade's name on the courtesy dose form and submitted it to the out-of-state facility without Mr. Wade's knowledge or authorization.

## COUNT I: NEGLIGENCE

12. Plaintiff reasserts the allegations contained in Paragraphs 1 through 11 of this Complaint and incorporates them herein by reference.

13. At all times relevant hereto, Mr. Wade was a client of the RoxComp MAT program and Ms. Atherton was his clinician.

14. Ms. Atherton owed Mr. Wade a duty to accurately complete his courtesy dose form.

15. Ms. Atherton breached this duty by erroneously characterizing Mr. Wade as being HIV Positive and signing Mr. Wade's name without his knowledge or authorization.

16. As a direct and proximate result of Ms. Atherton's negligence, Mr. Wade suffered extreme emotional distress, anxiety, depression, loss of sleep, exacerbation of prior medical issues, mental anguish and loss of sense of well-being.

WHEREFORE, the Plaintiff demands judgment against Defendant in an amount that will adequately compensate him for his great pain of body and mind, medical expenses, plus costs, interest, and reasonable attorney's fees and such other relief as this Court deems just and proper.

### COUNT II: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

17. Plaintiff reasserts the allegations contained in Paragraphs 1 through 16 of this Complaint and incorporates them herein by reference.

18. As a direct and proximate result of Ms. Atherton's negligence, Mr. Wade became extremely anxious that he was in fact HIV Positive.

19. As a direct and proximate cause of Ms. Atherton's negligence, Mr. Wade suffered physical harm manifested by objective symptomatology, namely anxiety, depression, loss of sleep and exacerbation of prior medical issues.

20. A reasonable person would have suffered emotional distress after:

    a. Discovering that his clinician identified him as being HIV Positive and
    b. Signing his name on a medical form without his knowledge or authorization.

WHEREFORE, the Plaintiff demands judgment against Defendant in an amount that will adequately compensate him for his great pain of body and mind, medical expenses, plus costs, interest, and reasonable attorney's fees and such other relief as this Court deems just and proper.

### COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. Plaintiff reasserts the allegations contained in Paragraphs 1 through 20 of this Complaint and incorporates them herein by reference.

22. Ms. Atherton knew or should have known that signing Mr. Wade's name on the courtesy dose form without verifying the medical information or obtaining Mr. Wade's authorization was likely to inflict emotional distress upon him.

23. Ms. Atherton's conduct in erroneously filling out and signing the courtesy dose form under Mr. Wade's signature without his knowledge, consent, or review was extreme and outrageous.

24. Ms. Atherton's conduct is the direct and proximate cause of Mr. Wade's severe emotional distress, anxiety, depression, loss of sleep and exacerbation of prior medical issues.

25. Mr. Wade's emotional distress is severe and of a nature that no reasonable man could be expected to endure.

WHEREFORE, the Plaintiff demands judgment against Defendant in an amount that will adequately compensate him for his great pain of body and mind, medical expenses, plus costs, interest, and reasonable attorney's fees and such other relief as this Court deems just and proper.

**PLAINTIFF HEREBY DEMANDS A TRIAL BY JURY**

        JAMES WADE, Plaintiff
        By His Attorney


        /s/: Ross Annenberg, Esquire
        Ross Annenberg, Esquire
        B.B.O. No. 560996
        Abigail Williams & Associates, P.C.
        340 Main Street, Suite 330
        Worcester, MA  01608
        Tel: (508) 795-1955
        Fax: (508) 795-1710
        rannenberg@medical-law.com

Dated:  January 10, 2011