UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES WADE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>UNITED STATES OF AMERICA and )<br>DONNA DENISE ATHERTON )<br>)<br>Defendants. )<br>) | Civil Action No.<br>11-10051-FDS |

## MEMORANDUM AND ORDER ON
## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

**SAYLOR, J.**

Pending before the Court is plaintiff James Wade's motion for default judgment as to defendant Donna Denise Atherton. A default was entered against defendant Atherton under Fed. R. Civ. P. 55(a) on June 19, 2012.

Although this action was brought against two defendants, only Atherton has been defaulted. In considering whether to enter a default judgment as to only one of several defendants, the Court considers whether the claims against defendants are individual, joint, or joint and several claims. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872). Plaintiff's claims against the United States, are, at least in part, based on the actions of defendant Atherton while she was in the government's employ. The claims are indisputably related even if those against defendant Atherton are articulated as against her "individually."

The entry of separate judgment under Fed. R. Civ. P. 54(b) is "not to be granted routinely." *Chapman v. Bernards, Inc.*, 198 F.R.D. 575, 579 (D. Mass. 2001). Rather, the entry

of separate judgments should be "infrequent" and "employed with great circumspection." *Village West Associates v. Rhode Island Housing & Mortgage Fin. Corp.*, 641 F. Supp. 2d 135, 137 (D.R.I. 2009); *Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc.*, 568 F.3d 313, 318 n. 3 (1st Cir. 2009). The rule is intended to be employed in situations of an "exceptional nature," and "in order to avoid a perceptible danger of hardship through delay which would be alleviated by immediate appeal." *Village West*, 641 F. Supp. 2d at 137. Plaintiff here has not attempted to demonstrate, much less establish, any danger of hardship or injustice if separate judgment does not issue, and accordingly the Court will follow the normal practice of withholding final judgment until all claims have been resolved.

Accordingly, the Court will deny plaintiff's motion without prejudice, and judgment shall not enter against Atherton until the case has been adjudicated as to the remaining defendant, so as to avoid the risk of inconsistent judgments. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *see also* Fed. R. Civ. P. 54(b).

For the foregoing reasons, plaintiff's motion for default judgment as to defendant Atherton is DENIED without prejudice to its renewal at an appropriate time.

**So Ordered.**

                                                  /s/ F. Dennis Saylor
                                                  F. Dennis Saylor IV
                                                  United States District Judge

Dated: October 9, 2012