UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
**JAMES WADE,**                                      )
                                                                    )
        **Plaintiff,**                                )
                                                                    )
        v.                                                   )
                                                                    )        **Civil Action No.**
                                                                    )        **11-10051-FDS**
**UNITED STATES OF AMERICA and**       )
**DONNA DENISE ATHERTON**                )
                                                                    )
        **Defendants.**                           )
_____)

**MEMORANDUM AND ORDER ON PLAINTIFF'S
RENEWED MOTION FOR DEFAULT JUDGMENT**

**SAYLOR, J.**

Pending before the Court is plaintiff James Wade's renewed motion for default judgment as to defendant Donna Denise Atherton. A default was entered against defendant Atherton under Fed. R. Civ. P. 55(a) on June 19, 2012.

On October 18, 2012, the Court denied plaintiff's initial motion for a default judgment without prejudice to its renewal after the case had been adjudicated as to the remaining defendant, so as to avoid the risk of inconsistent judgments. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); *see also* Fed. R. Civ. P. 54(b). On January 14, 2013, plaintiff filed a stipulation of dismissal as to the United States, which was the sole remaining defendant in the action. Accordingly, the entry of judgment against defendant Atherton is all that remains to be done before the case can be terminated.

Recognizing this, on April 23, plaintiff renewed his motion for the Court to enter default judgment against defendant Atherton. The Court will now grant that motion, and undertake to

determine the amount of damages to be entered in the resulting judgment.

Rule 55(b)(2) provides that when plaintiff's claim is not for a sum certain, "[t]he court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Here, plaintiff claims damages, including compensation for emotional distress, that cannot be "made certain by computation." *See* Fed. R. Civ. P. 55(b)(1) (describing entry of default damages for sum certain claims). Therefore, the Court must find the amount of damages pursuant to the procedures made available by Fed. R. Civ. P. 55(b)(2). Interpreting that rule, the First Circuit has held that every plaintiff "is not necessarily entitled to an evidentiary hearing" when the claim damages are not a sum certain; "in limited circumstances [the First Circuit has] permitted district courts to dispense with a Rule 55(b)(2) hearing, even in the face of apparently unliquidated claims." *KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 21 (1st Cir. 2003).

In light of this precedent, and in the interests of judicial economy, the Court will request affidavits and documentary evidence of damages to be filed by the plaintiff by June 7, 2013. The Court may hold an evidentiary hearing if the amount of damages cannot be readily ascertained from those filings.

For the foregoing reasons, plaintiff's renewed motion for default judgment as to defendant Atherton is GRANTED, and plaintiff is directed to submit any affidavits or other documents from which the Court can calculate damages on or before June 7, 2013.

**So Ordered.**

                                            /s/ F. Dennis Saylor
                                            F. Dennis Saylor IV
                                            United States District Judge

Dated:  May 8, 2013